IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NKIRUKA OJEMENI,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE NO. |
| : | 1:11-CV-00610-TWT-AJB |
| v. : | |
| : | |
| **EDUARDO SANCHEZ,** : | |
| : | |
| Defendant. : | |

### ORDER FOR SERVICE OF
### REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/8
2)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  3d  day of  March , 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NKIRUKA OJEMENI,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-00610-TWT-AJB** |
| v. : | |
| : | |
| **EDUARDO SANCHEZ,** : | |
| : | |
| Defendant. : | |

**UNITED STATES MAGISTRATE JUDGE'S
ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court on Defendant's Request to Proceed *in forma pauperis* ("IFP"), [Doc. 1], and Defendant's Notice of Removal, (*see* Notice in Doc. 1-1). This is the second time that Defendant has attempted to remove the same dispossessory action from the DeKalb County Magistrate Court to this Court. As with Defendant's first attempt at removal, the undersigned **GRANTS** Defendant's request to proceed *in forma pauperis* ("IFP") for these proceedings only, [Doc. 1], and **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

AO 72A
(Rev.8/8
2)

*Introduction*

On December 17, 2010, Defendant, proceeding *pro se*, filed an application to proceed *in forma pauperis* in this Court, so that he could remove Plaintiff Nkiraka Ojemeni's dispossessory action from the DeKalb County Magistrate Court to this Court. [*See* Doc. 1-1 in *Ojemeni v. Sanchez*, 1:10-cv-4100-TWT]. The notice of removal stated that the DeKalb County case was being removed pursuant to 28 U.S.C. § 1446 because the proceedings were occurring in violation of the Uniform Commercial Code, 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure. [*Id.*]. The Court granted Defendant's IFP application, but remanded the case to the DeKalb County Magistrate Court on February 1, 2011. [*See* Docs. 2, 5; *see also Ojemeni v. Sanchez*, No.1:10-cv-4100, 2010 WL 5684400 (N.D. Ga. Dec. 2010)].

One month after this Court's remand, Defendant,[1] proceeding *pro se*, has again filed an application to proceed IFP so that he can remove the same Magistrate Court action to this Court. In Defendant's most recent removal petition, he claims that

---

[1] The Docket reflects that Sanchez is the Plaintiff and Ojemeni is the Defendant. Since Sanchez seeks to remove an action from the DeKalb County Magistrate Court in which he is the defendant, Sanchez should be listed as a Defendant in this Court and Ojemeni who is the plaintiff in the magistrate court proceedings should be listed as a Plaintiff in this Court. Accordingly, the Clerk is **DIRECTED** to **CORRECT** the Docket to indicate that Sanchez is the Defendant and Ojemeni is the Plaintiff in this case.

removal is appropriate under 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure, and the due process clause of the Fourteenth Amendment. [*See* Doc. 1-1]. As explained below, the Court will again allow Defendant to proceed IFP for these proceedings only, and the Court again finds that Defendant fares no better in seeking removal of the DeKalb County Magistrate Court action.

*Discussion*

    A.    *Defendant's Application to Proceed In Forma Pauperis*

Eduardo Rivera Sanchez ("Defendant" or "Sanchez") has filed an application to proceed *in forma pauperis* indicating that he is employed and earning $2,800 per month. Sanchez does not have any bank accounts, but he has $200 cash on hand. He states that he does not own any major assets such as a home or car. Defendant has two children - - a 10 year old daughter and 3 year old son - - who rely on him for support. He has $3,390 in monthly expenses as follows: (1) $1,200 for rent; (2) $200 for utilities; (3) $200 for food; (4) $200 for clothing; (5) $100 for laundry/dry cleaning; (6) $300 for medical/dental expenses (7) $250 for transportation; (8) $160 for car insurance; (9) $700 for car payments[2]; and (10) $80 for credit card payments. He states

---

    [2]    It appears that Defendant has falsely reported that he does not own a car given that he makes monthly payments for a car and car insurance.

3

that he cannot pay the costs of this litigation because of the economy and his children's medical expenses. [*See* Doc. 1].

The standard for proceeding *in forma pauperis* was outlined for Defendant in the Court's December 20, 2010, Order and Report and Recommendation ("R&R") relating to Defendant's prior attempt at removal. [*See* Doc. 2 at 3-4 in Case No. 1:10-cv-4100]. As a result, the Court will not outline the relevant case law again and instead notes that the IFP statute provides that "any court may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court **GRANTS** Defendant's applications to proceed IFP **for these proceedings** only because Defendant's monthly expenses exceed the family's monthly income and Defendant has two children to support. The Court next explains why Defendant has again improvidently removed the DeKalb County Magistrate Court action.

---

[3] Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*B.     Defendant's Removal*

As previously explained to Defendant, he may remove a case from state to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant's newest notice of renewal, which cites to 15 U.S.C. § 1692, FED. R. CIV. P. 1692, and the Fourteenth Amendment's due process clause, does not demonstrate that this Court has jurisdiction over Plaintiff's dispossessory proceeding.

First, the Court has previously explained why this Court does not have diversity jurisdiction or federal question jurisdiction based on FED. R. CIV. P. 60 and 15 U.S.C. § 1692. [*See* Doc. 2 at 6-9 in Case No. 1:10-cv-4100; *see also Ojemeni*, 2010 WL

5

AO 72A
(Rev.8/82)

5684400 at *3-4]. As a result, the Court will not repeat its discussion here because the same analysis applies to Defendant's most recent attempt at removal.

Second, Defendant's citation to the Fourteenth Amendment's due process clause does not provide a basis for removal. As previously explained to Defendant, a defense to a civil action does not provide a basis for removal. *See, e.g.*, *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999) (noting that an actual or anticipated defense does not generally qualify a case for removal). Here, Defendant asserts that the dispossessory action is in violation of his due process rights, [Doc. 1-1], so he is using the due process clause as a defense to the dispossessory proceedings. Therefore, the Court concludes that the Fourteenth Amendment's due process clause does not provide this Court with subject matter jurisdiction over the dispossessory action. *See Christiano v. Shapiro*, No. 87-cv-3104, 1987 WL 18778, *1 (E.D.N.Y. Oct. 14, 1987) (remanding case to state court in part because "[p]etitioner's claimed denial of due process [was] collateral to the landlord-tenant action initiated by the landlord").

As with Defendant's prior attempt at removal, the Court concludes that the magistrate court dispossessory action arises under the laws of Georgia, which permits recovery of rent and delivery of the premises. *See* O.C.G.A. § 44-7-49 *et seq.* As a result, Defendant has not shown that 15 U.S.C. § 1692, FED. R. CIV. P. 60, or the

6

Fourteenth Amendment's due process clause provides a basis for removal of Plaintiff's DeKalb County Magistrate Court action. This case therefore should be **REMANDED**.

*Conclusion*

For the aforementioned reasons, the undersigned **GRANTS** Defendant's requests to proceed *in forma pauperis*. [Doc. 1]. Also, the undersigned **RECOMMENDS** that the case again be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.[4] The Clerk is **DIRECTED** to correct the Docket to reflect that Sanchez is the Defendant in this case and Ojemeni is the Plaintiff.

Finally, the Clerk is **DIRECTED** to terminate the referral to the undersigned.

---

[4] Defendant is **ADVISED** that "[f]lagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. June 17, 1981). As a result, if Defendant continues to improvidently remove Plaintiff's dispossessory action he may be subject to sanctions including a pre-filing injunction in which he will be required to seek leave of this Court before filing or removing any case involving the premises at issue in the DeKalb County dispossessory action. *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*) (noting that a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relieve. He just cannot be completely foreclosed from any access.").

AO 72A
(Rev.8/82)

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this the 3d day of March, 2011.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

8

AO 72A
(Rev.8/82)